IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § |
| v. | §   Civil Action No. 3:17-CR-327-L |
| JAVIER PEREZ-HERNANDEZ, | § |
| Defendant, | § |
| and | § |
| BANK OF AMERICA, N.A., | § |
| Garnishee, | § |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

By order of reference dated February 7, 2019, before the Court is the defendant's *Claim for Exemptions, Request for Hearing, and/or Request for Transfer*, filed January 10, 2019 (doc. 105). Based on the relevant filings and applicable law, the claim for an exemption and request for a hearing should be **DENIED**.

### I.  BACKGROUND

On March 27, 2018, Javier Perez-Hernandez ("Defendant") pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.  (docs. 54, 63, 65.)  A judgment was entered against him on September 26, 2018, imposing a sentence of 46 months, to be followed by a three-year term of supervised release, a fine in the amount of $10,000, and a mandatory special assessment in the amount of $100.  (doc. 98.)

On November 28, 2018, the United States filed an application for a writ of garnishment under 18 U.S.C. § 3613 and 28 U.S.C. §§ 3002, 3202 and 3205 for substantial nonexempt property

of Defendant. (doc. 100.) On November 30, 2018, the Court ordered the issuance of a writ of garnishment, and the Clerk issued the writ ordering Bank of America, N.A. (Garnishee) to withhold or retain any property belonging to or due Defendant. (docs. 101, 102.) The Clerk also issued a notice of post-judgment garnishment that advised Defendant of his right to claim exemptions for some property, and his right to request a hearing within twenty days of receipt of the notice to explain why the property sought was exempt and why he thought he did not owe the debt to the government. (doc. 102.) Garnishee filed its answer to the writ of garnishment on December 14, 2018, which stated that it held an account for Defendant in the amount of $13,062.06. (doc. 103.)

Defendant filed his claim for exemption under 26 U.S.C. § 6334(a)(8) and a request for a court hearing on January 10, 2019. (doc. 105.) He also filed a separate "opposition" to the garnishment, alleging that the funds in the Garnishee's possession were exempt under 26 U.S.C. § 6334(a)(8) because he was in arrears on child support in the amount of $3269.67. (doc. 106 at 3.) He also claims that there is no justification for requiring immediate payment because the judgment specified that the fine would be paid in installments of $50.00 after he was released from prison. (*Id.*) The United States filed its response on January 31, 2019. (doc. 107.)

## II. ANALYSIS

"The United States may enforce a judgment imposing a [criminal] fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The practices and procedures for enforcement of civil judgment under federal law are set forth in the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001-3308. *United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002). The FDCPA authorizes the government to seek writs of garnishment against property in which a debtor has a substantial

nonexempt interest in order to satisfy a judgment. *See* 28 U.S.C. § 3205(a); *United States v. Clayton*, 623 F.3d 592, 595 (5th Cir. 2010)(citing § 3205(a)).[1] Federal criminal debts are treated in the same manner as federal tax liens, and the only property exempt from garnishment is that which the United States cannot seize to satisfy the payment of federal taxes. *United States v. Elashi*, 789 F.3d 547, 549 (5th Cir. 2015)(citing § 3613(c)). That includes (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (10) certain service-connected disability payments; and (12) assistance under the Job Training Partnership Act. § 3613(c), citing 26 U.S.C. § 6334(a) (1)-(8), (10), (12).

**A.    Section 3202**

Section 3202 provides a means by which debtors may challenge the issuance of writs of garnishment. *United States v. Edward D. Jones & Co., L.P.*, No. 4:10cr57.6, 2011 WL 7025905, at *2 (E.D. Tex. Dec. 21, 2011) (citing § 3202(b) and (d), 3205(c)(5)), recommendation accepted by 2012 WL 113605 (E.D. Tex. Jan. 13, 2012). Section 3202(d) permits a defendant to request a hearing on the writ of garnishment within 20 days of receipt of notice of the writ of garnishment, but limits the issues at the hearing to: (1) the probable validity of a claim of exemption by the judgment debtor; (2) compliance with a statutory requirement for the issuance of the writ; (3) and certain issues that pertain to the enforcement of a default judgment. 28 U.S.C. § 3202(d). The party claiming the exemption has the burden of proving any exemption. *United States v. Meza*, No. 3:05-CR-106-L, 2019 WL 426480, at *2 (N.D. Tex. Feb. 4, 2019) (citing 28 U.S.C. § 3014(b)(2)).

---

[1] The property exempt from levy is enumerated in 26 U.S.C. § 6334(a).

Here, the United States filed an application for a writ of garnishment against alleged nonexempt property of Defendant, the Court ordered the issuance of the requested writ, the Clerk of Court issued the writ, and the Garnishee answered. Defendant filed a claim for exemption form and timely requested a hearing based on 26 U.S.C. § 6334(a)(8).

Section 6334(a)(8) provides that "[i]f the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment" is exempt. A court order requiring a defendant to pay child support is necessary to establish the child support exemption, however. *United States v. Sharlow*, No. 3:09-CV-2238-F, 2010 WL 1779646, at *2 (N.D. Tex. Mar. 26, 2010) (citing *United States v. Kemp*, No. 3:96-CR-300-P, 2002 WL 31548868 at *2 (N.D. Tex. Nov. 12, 2002), citing *United States v. Taylor*, No. 3:00–CV–2495–P, 2001 WL 1172185 at *2 (N.D. Tex. Sept. 27, 2001)). Defendant has not shown that there is a court order requiring him to pay child support, and the United States has provided a letter from the Texas Attorney General confirming the lack of an enforcement action on Texas.

Defendant also objects that there is no justification for requiring immediate payment through garnishment because the criminal judgment specified that restitution be paid in installments. Notwithstanding the fact that this argument does not allege a valid exemption under § 3202, it has also been specifically rejected by the Fifth Circuit Court of Appeals. *See United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (per curiam) ("Ekong contends that there was no justification for requiring immediate payment because the criminal judgment specified that restitution be paid in installments. This argument is without merit.").

Defendant has failed to adequately demonstrate the probable validity of a claim for

exemption. *See United States v. Stone,* 430 F. App'x 365, 368 (5th Cir. 2011) (finding that the district court did not abuse its discretion in denying a hearing where the defendant had not adequately demonstrated the probably validity of a claim for exemption or met other statutory requirements for a hearing). He does not claim that the United States has failed to comply with a statutory requirement for the issuance of a writ. The criminal judgment against him was the result of a guilty plea and was not issued by default. *See Meza*, 2019 WL 426480, at *2 (noting that third statutory ground for a hearing did not apply because the defendant had pleaded guilty, so the judgment was not the result of a default.) Defendant has failed to allege any of the statutory requirements that would entitle him to a hearing under § 3202(d). *See Stone,* 430 F. App'x at 368; *see also United States v. First Bank & Trust East Texas*, 477 F. Supp. 2d 777, 782-83 (E.D. Tex. 2007) (finding no hearing was warranted where the defendant failed to set forth a colorable claim that an exemption applied to the garnished property or any issue for which a hearing was statutorily allowed); *United Stated v. Bolden*, No. 3:10-CV-1744-L, 2010 WL 5452116, at *1-2 (N.D. Tex. Dec. 28, 2010) (denying the defendant's request for a hearing because his assertions did not meet the statutory requirements for a hearing under § 3202(d)).

**B.    Section 3205**

Section 3202(d) is not the sole avenue for a judgment debtor to request a hearing. Section 3205 allows a judgment debtor to file an objection to the garnishee's answer within twenty days of its receipt and request a hearing:

> Objections to answer.--Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter

5

as is practicable, and give notice of the hearing date to all the parties.

28 U.S.C. § 3205(c)(5); *see also F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, at *7 (5th Cir. Oct. 12, 2007) (per curiam). To properly place an objection under § 3205 before the court, the judgment debtor must file a written objection to the garnishee's answer and request a hearing within twenty days after the receipt of the answer, state the grounds for his objection, and serve the objection and the request for hearing on the garnishee and all parties. 28 U.S.C. § 3205(c)(5). If these procedural requirements are met, the court must then hold a hearing within ten days of the date of receipt of the request or as soon as practicable. *Id.*

Here, Defendant filed an "opposition" to the garnishment; he did not object to Garnishee's answer. Citing the plain language of § 3205(c)(5), the court in *United States v. Ingleman*, No. 3:10-CV-1597-B, 2013 WL 12137733, at *2-3 (N.D. Tex. Jun. 26, 2013), found that an objection must respond to the garnishee's answer in order to trigger its mandatory requirement for a hearing when requested. Because the defendant's objection was directed at the garnishment generally, and not at the answer, the court concluded that the defendant had not made an objection within the scope of § 3205(c)(5) triggering a mandatory hearing. *Id.*; *see also Federal Trade Comm'n v. Nat'l Bus. Consul.*, No. 89-1740-LMA-SS, 2013 WL 6798372 (E.D. La. Dec. 19, 2013) (noting that the defendant's objection was to the issuance of the writs of garnishment rather than the garnishees' answers, and stating that "[§] 3205(c)(5) does not mandate a hearing for relief from a motion for a writ of garnishment"). Because Defendant did not file a written objection to Garnishee's answer, only a general opposition to the garnishment itself, he has likewise not made an objection that entitles him to a hearing under § 3205(c)(5). *See id.* ("a hearing under 3205(c)(5) is warranted only where the objection is to an answer"); *United States v. Pettigrew*, No. 3:10-CV-2142, 2011 WL

6

900545, at *2 (N.D. Tex. Mar. 14, 2011)(no hearing warranted where the debtor did not object to the garnishee's answer).

### III.  RECOMMENDATION

Defendant's claim for exemption and request for a hearing should be **DENIED**.

**SO RECOMMENDED on this 20th day of April, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE